# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **JEREMIAH JERMAINE LOVE** | **CIVIL ACTION NO. 3:13-cv-0045** |
| **     LA. DOC #422852** | |
| **VS.** | **SECTION P** |
| | |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, JACKSON PARISH** | |
| **CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se petitioner Jeremiah Jermaine Love, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 4, 2013. Petitioner is incarcerated at the Jackson Parish Corrections Center, and he attacks his convictions for armed robbery, aggravated battery, and attempted disarming of a police officer and the 20-year hard labor sentence imposed thereafter by the Ninth Judicial District Court, Rapides Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On March 6, 2007, petitioner pled guilty to armed robbery, aggravated battery and attempted disarming of a police officer.  In accordance with the plea agreement, petitioner was sentenced to serve concurrent sentences of 20, 10, and 2 ½ years at hard labor. In return, the State agreed to refrain from prosecuting petitioner as an habitual offender.  In addition, petitioner

agreed to waive all rights to appeal his conviction and sentence, including his right to seek post-conviction relief. [Doc. 1-2, pp. 1-16] He did not appeal. [Doc. 1, ¶ 8]

On February 25, 2009, he filed a pro se application for post-conviction relief in the Ninth Judicial District Court.  On May 7, 2009, the Court having determined that petitioner waived his right to seek post-conviction review, denied relief. [Doc. 1-2, p. 48] On June 19, 2009, petitioner sought review in the Third Circuit Court of Appeals; that Court denied relief on October 7, 2009. State of Louisiana v. Jeremiah Love, No. KH 09-00723 [Doc. 1-2, p. 49] Petitioner's writ application was denied by the Louisiana Supreme Court on September 16, 2011. *State of Louisiana ex rel. Jeremiah J. Love v. State of Louisiana*, 2010-1874 (La. 9/16/2011), 69 So.3d 1136.

Petitioner signed his habeas petition on September 10, 2012. [Doc. 1, p. 6] However, he mailed it on January 3, 2013 [Doc. 1-2] and it was received and filed on January 4, 2013. The pleadings also show a date stamp showing that the petition, memorandum, and exhibit were received by the United States Fifth Circuit Court of Appeals on September 24, 2012; however, a review of the Court's PACER index reveals that the pleadings were not filed and were evidently returned to petitioner sometime between September 24, 2012 and January 3, 2013.  The petition raises the following claims for relief: (1) ineffective assistance of counsel based on counsel's failure to investigate and prepare an appropriate defense; (2) breach of the plea bargain based on petitioner's understanding that he would be eligible for diminution of sentence; (3) the trial court threatened petitioner with a life sentence if he rejected the plea agreement; and, (4) the prosecutor withheld evidence favorable to the accused.

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

3

F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following March 6, 2007(the date that petitioner pled guilty and was sentenced in accordance with the plea agreement)[2] or, on or about April 6, 2007.  Petitioner had one year from that date, or until April 6, 2008, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until February 25, 2009 [Doc. 1-2, p. 48] and by that time the 1-year AEDPA limitations period had already long expired.  Neither that filing, nor any of his subsequent filings in the District Court, the Second Circuit Court of Appeals,  or the Louisiana Supreme Court could toll the limitations period since all of these proceedings were filed <u>after</u> the AEDPA limitations period had already expired.  As stated above, any lapse of time <u>before</u> the filing of his otherwise timely  application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Since a period of more than one un-tolled year elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

**2. Equitable Tolling**

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is underlined actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that

5

petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.  Further, a more importantly, petitioner allowed a period of more than one year to elapse between the date that the Louisiana Supreme Court denied writs – September 16, 2011 –  and the date he filed his federal habeas petition – January 4, 2013.  Petitioner was clearly not diligent in pursuing his rights.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, February 19, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE